UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00148-GCM

| | |
|---|---|
| CHRISTOPHER M. LOVILL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>FNU TORRES, et al., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

I. BACKGROUND

Pro se Plaintiff Christopher M. Lovill ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On September 18, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against Defendants FNU Torres and FNU Trivette, identified as Correctional Officers at Alexander, in their individual capacities only. [Doc. 1]. Plaintiff alleges as follows.

On August 1, 2022, at approximately 6:40 p.m., in restrictive housing at Alexander, Defendants took Plaintiff to the shower. While Plaintiff was locked in the shower, Defendants "ransack[ed]" Plaintiff's cell, which Plaintiff could hear from the shower. At approximately 7:15 p.m., Defendants returned to escort Plaintiff back to his cell. Plaintiff was handcuffed behind his back and opened the shower door. Plaintiff noticed some of his property on the floor outside of his cell. Plaintiff tried to push it back into his cell with his feet. Defendants then

"forcefully grabbed [Plaintiff] one on each side and literally threw [Plaintiff] back into the shower." Plaintiff's "leg connected with the door to the shower where the tray slot folds down severely gashing the inside of [his] right calf and ankle." One of the Defendants closed the door to the shower, "which cut the tops of [Plaintiff's] feet." Defendant returned to Plaintiff's cell and again "threw out [his] property." Plaintiff was lying on the floor in pain and requested they get the officer-in-charge or Sergeant Wyatt. Sergeant Wyatt and another officer responded. Plaintiff was taken to medical, where it was determined he needed outside medical care for stitches. Plaintiff received 15 stitches in his calf and three in his ankle. He also suffered a torn left rotator cuff. Plaintiff has since received two steroid injections to treat his shoulder injury, which have not helped. Plaintiff will likely need surgery. [Id. at 5].

Plaintiff claims that Defendants violated his Eight Amendment right to be free from cruel and unusual punishment. [Id. at 3]. For injuries, Plaintiff claims he suffered a torn left rotator cuff, "gashes" in his right calf and ankle requiring stitches, and mental and emotional distress. [Id. at 6]. Plaintiff seeks monetary relief only. [Id.].

## II.     STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475

U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment excessive force claim against Defendants Torres and Trivette is not clearly frivolous and survives initial review.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment claim against Defendants Torres and Trivette based on the use of excessive force survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendants Torres and Trivette passes initial review.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants FNU Torres and FNU Trivette, who are alleged to be current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

Signed: October 5, 2023

*[signature]*

Graham C. Mullen
United States District Judge