# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:23-cv-00148-GCM

| | |
|---|---|
| CHRISTOPHER M. LOVILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU TORRES, et al, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for injunctive relief to be shipped from Alexander Correctional to avoid retaliation from said Defendants" [Doc. 14] and Plaintiff's Motion for Preliminary Injunction [Doc. 15].

Pro se Plaintiff Christopher M. Lovill ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On September 18, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 based on Plaintiff's claim that Defendants Torres and Trivette, both Correctional Officers at Alexander, used excessive force against him in violation of the Eighth Amendment. [Doc. 1]. Plaintiff's Complaint survived initial review in accordance with the Court's Order. [Doc. 8]. Defendants' waivers of service are due by December 5, 2023. [10/6/2023 Docket Entry]. On October 19, 2023, Plaintiff filed a motion requesting "to be shipped from Alexander Correctional to avoid retaliation" by Defendants. [Doc. 14]. Plaintiff asserts that Alexander is badly understaffed and that Defendant Torres "is placed on various housing units to be around [Plaintiff] at different times." [Id.]. Plaintiff states that he is "afraid of retaliation by Defendant [Torres] or fellow officers." [Id.]. On October 26, 2023, Plaintiff again moved for injunctive

relief, asking the Court for a temporary restraining order or to be shipped to another facility for the duration of this civil suit. [Doc. 15]. Plaintiff reiterates that he is afraid of retaliation by "defendant or the defendant's fellow officers for filing the suit." [Id.].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

The Court will deny Plaintiff's motion. Plaintiff has not satisfied any of the required elements for a preliminary injunction. Moreover, this Court lacks authority to order the relief Plaintiff seeks in any event. The Court will, however, send a copy of this Order to the Warden at Alexander Correctional Institution to ensure awareness of Plaintiff's concerns. Plaintiff is admonished against filing duplicative motions in this matter. There is no benefit to Plaintiff duplicating motions already before the Court. Should the Plaintiff persist in filing duplicative motions, the Court may summarily strike them.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 14, 15] are **DENIED.**

The Clerk is respectfully instructed to send a copy of this Order to the Warden at Alexander Correctional Institution in Taylorsville, North Carolina.

Signed: November 1, 2023

Graham C. Mullen
United States District Judge